# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | Case No: B-20-80130 C-13D |
| ) | |
| **BRANDY DAWN LOWRY,** ) | |
| ) | |
| Debtor. ) | |
| _____) | _____ |
| ) | |
| RICHARD M. HUTSON II, Trustee ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | |
| ) | |
| CARVANA, LLC, ) | |
| ) | |
| **Defendant** ) | |

## COMPLAINT TO AVOID POST-PETITION TRANSACTION

NOW COMES Richard M. Hutson, II, Standing Trustee ("Plaintiff") complaining of the Defendant, Carvana, LLC ("Defendant"), and alleges and says:

### JURISDICTION AND VENUE

1. This Court has proper and personal jurisdiction over the subject matter hereof and the parties hereto pursuant to 28 U.S.C. §§151, 157 and 1334, and Local Rule 83.11 entered by the United States District Court for the Middle District of North Carolina.

2. Venue is proper in this District pursuant to 28 U.S.C. §1409 in that this is an action arising in or related to a proceeding arising under Title 11 of the United States Code which is pending in this District, and this is a core proceeding within 28 U.S.C. §157.

1

## PARTIES

3. On March 2, 2020, Brandy Lowry ("the Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of North Carolina ("the petition date").

4. The Plaintiff, Richard M. Hutson, II, was appointed as Trustee for the Debtor on March 2, 2020, and is duly qualified and acting as Trustee.

5. The Defendant is a limited liability company doing business in North Carolina and has filed a claim in this case (Court Claim #13).

## CLAIM FOR RELIEF

6. On or about November 18, 2019, the Debtor entered into a loan with Defendant for the purchase of a 2018 Mazda ("the automobile"). A copy of the Retail Purchase Agreement is attached as "Exhibit A" and incorporated herein.

7. The registration and other documents necessary to perfect the lien in favor of Defendant were delivered to the North Carolina Department of Motor Vehicles on or about May 29, 2020, approximately 193 days after execution of the loan agreement and 88 days after the Debtor filed the Chapter 13 petition.

8. The lien in favor of Defendant was perfected in accordance with North Carolina law on May 29, 2020, and a copy of the electronic title reflecting such date is attached hereto as "Exhibit B" and incorporated herein.

9. The perfection of the security interest in the automobile was a transfer of property of the estate made after the commencement of the Chapter 13 case and was not authorized under Title 11 of the United States Bankruptcy Code nor by the Court.

10.     The transfer and perfection of the security interest in the automobile is avoidable by the Trustee pursuant to 11 U.S.C. §549(a).

WHEREFORE the Plaintiff prays the Court that:

1. The lien of Defendant on the automobile be avoided pursuant to 11 U.S.C. §549(a) and the claim of Defendant be allowed as a non-priority unsecured claim in the filed amount of $14,653.08.
2. The certificate of title to the automobile be forwarded from Defendant, releasing its lien, to the Standing Trustee, and be retained by the Trustee until successful completion of this Plan, at which time the Trustee shall forward the title to the Debtor;
3. In the event that the Debtor fails to successfully complete the Plan, the Standing Trustee shall deliver the certificate of title to a Chapter 7 Trustee if this case is converted to Chapter 7, or upon dismissal of the case, return the certificate of title to Defendant; and
4. For such further relief as the Court may deem just and proper.

This the 21st day of July, 2020.

/s/ Benjamin E. Lovell
Benjamin E. Lovell
**Attorney for Plaintiff**
State Bar No:  23266
3518 Westgate Drive, Suite 400
Durham, N.C.  27707
Telephone:  (919) 688-8065

3